UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY H. WARE,

            Petitioner,

vs.                      Case No. 2:07-cv-18-FtM-MMH-DNF

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

            Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

This matter comes before the Court upon review of Petitioner's "Withdraw Writ of Habeas Corpus" (Doc. #13, Mot.), filed October 16, 2007, construed as a motion to voluntarily dismiss the Petition. Petitioner states that he "wishes to withdraw [his] writ of Habeas petition [in] [order] to refile [it] at a later date by a skilled attorney . . . Therefore, the Petitioner respectfully requests this Honorable Court to dismiss this writ of Habeas Petition without prejudice." Mot. at 1.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court may apply the Federal Rules of Civil Procedure to a habeas action to the extent that the civil procedure rules are not inconsistent with the Rules Governing Section 2254 Cases. See also

_____

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

Fed. R. Civ. P. 81(a)(2). Federal Rule of Civil Procedure 41(a)(1)(i) permits a party to voluntarily withdraw an action without order of court before an answer or motion for summary judgment has been served by the adverse party. Here, Petitioner's action is in the initial stages and the Petition has not been served on the Respondents.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's "Withdraw Writ of Habeas Corpus" (Doc. #13) construed as a motion is **GRANTED**. The Petition is **dismissed without prejudice**.[2]

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 22nd day of October, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

---

[2] Petitioner should note that there is a one-year limitation period for filing a federal habeas petition in the federal courts. See 28 U.S.C. s. 2241(d)(1). The one-year period of limitation is tolled during the time in which a properly filed application for post-conviction relief is pending in state court. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000)(defining when an application is "properly filed" under 28 U.S.C. s. 2244(d)(2)). The time in which a federal habeas petition is pending does **not** toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 173 (2001)(holding that an application for federal habeas corpus review does not toll the one-year limitation period).